IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RE:   TIMOTHY DALE & WENDY LYNN BOYD ) | In Proceedings under Chapter 13 |
| ) | |
| U.S. Bank, N.A.c/o National Default ) | |
| Servicing Corp. ) | |
| Creditor, ) | Case No. 07-40983 |
| ) | |
| vs. ) | |
| ) | |
| TIMOTHY DALE & WENDY LYNN BOYD, ) | |
| Debtors. ) | |

## **AGREED ORDER**

THIS CAUSE COMING before the Court on the Motion of U.S. Bank, N.A. to Modify the Automatic Stay, the Court having jurisdiction and being duly advised in the premises, and due notice have been given to the parties entitled hereto;

IT IS ORDERED:

1. The Motion for relief is resolved.

2. Within 14 days of the entry of this order, creditor shall file a new, stand-alone, "post petition" claim in the debtor's chapter 13 case in the amount of $4,519.45 which represents the post petition default through August 2010 and reasonable attorneys' fees and costs associated with the instant motion.  Such claim shall not be filed as an amended or supplemental claim. If creditor fails to file such claim as described herein within the time prescribed above, the claim shall be deemed disallowed.

3. Within 30 days of the entry of this Order, debtors shall file an amended chapter 13 plan to provide additional funding of, and a separate and distinct plan distribution for, payment of the claim addressed in paragraph 2 above. The amended plan will also provide for the Chapter 13 Trustee to be the disbursing agent for post petition mortgage payments beginning with the October 20, 2010 payment. Payments are in the monthly amount of $972.01 and may change due to escrow or a change in interest rate. Failure to file such amendment within the time prescribed above shall result in dismissal of the chapter 13 case, without further notice or hearing.

4. Commencing with the September 3, 2010 payment and continuing thereafter, in the event the debtor fails to make any payment to the Chapter 13 Trustee, thereby accruing a two month default, then the stay shall automatically modify to U.S. Bank, N.A., Inc without further court Order, if upon notice sent by attorneys for U.S. Bank, N.A, to the debtors and the debtors' attorney the complained of default is not fully cured and proof of cure tendered to Home Loan Services, Inc attorneys Pierce & Associates, 1 North Dearborn Suite 1300, Chicago, IL 60602, within 14 days from the date notice is sent.

5. In the event the stay is modified to U.S. Bank, N.A., or its successors and assigns, as outlined in this Order, counsel for the mortgage company shall give notice to the debtors, the debtor's attorney and the trustee and file said notice with the court. Any default notice provided by the creditor shall not include a provision wherein the creditor's claim is "withdrawn;" rather, such a provision shall indicate that "no further distributions shall be made by the Trustee on the creditor's claim(s).

6. In the event that Pierce & Associates, P.C. should have to send out any notice of default under this Order, the debtors shall pay an extra $150.00 per notice in certified funds to Pierce & Associates, P.C., in additional to whatever funds are needed to cure the default cited in the notice. These $150.00 payments constitute attorneys fees and must be paid within the same 14 day cure period listed in paragraph Four of this Order or the stay shall modify.

7. All notices referred to herein are to be prepared by counsel for U.S. Bank, N.A.

8. The September 2010 post petition mortgage payment is to be tendered to U.S. Bank, N.A. by the debtors on or before September 30, 2010.

Counsel for the moving party shall serve a copy of this Order by mail to all interested parties who were not served electronically.

ENTERED: September 29, 2010

/s/ Laura K. Grandy
───────────────────────────────
UNITED STATES BANKRUPTCY JUDGE

Agreed:      /s/ Jay B. Howd
             Debtors Counsel
             Jay B. Howd


             /s/ Cheryl Considine
             Counsel for U.S. Bank, N.A.
             Cheryl Considine

             /s/Ron Buch
             Chapter 13 Trustee
             Ron Buch